S. B. ALEXANDER and others v. WILLIAM JOHNSTON and others.

The successor of a former Clerk and Master, who received bonds given for the purchase of certain lands sold by the former, collected the same and misapplied the proceeds, is liable therefor on his official bond, although there was no order for the former Clerk and Master to hand over such bonds to him.

CIVIL ACTION, tried before Moore, J., at the July (Special) Term, 1873, of MECKLENBURG Superior Court.

The defendants demurred to the complaint of the plaintiffs, upon the grounds stated in the opinion of the Court. His Honor overruled the demurrer, and the defendants appealed.

All the facts pertinent to the point decided, are set out in the opinion of the Court.

*McCorkle & Bailey*, for appellants.
*Jones & Johnston*, contra.

SETTLE, J.   One Dunlap, as Clerk and Master of the Court of Equity for Mecklenburg county, sold under an order of the Court, certain lands for partition among the plaintiffs, and took bonds for the payment of the purchase money. The sale was confirmed by the Court, and the Clerk and Master was ordered to collect the purchase money and make title.

These bonds then passed into the hands of Dunlap's successor, A. C. Williamson, who collected the money due thereon and misapplied the same by converting it to his own use. This action is brought against the sureties on the official bond of Williamson for the recovery of the money thus misapplied, and comes before us by appeal from the order of his Honor overruling the demurrer to the complaint, and directing the defendants to answer.

The principal cause of demurrer assigned is, "that it appears from the complaint that the order of sale was made prior to the appointment of said Williamson as Clerk and Master, and it does not appear that there was any order made directing Dunlap, the former Clerk and Master, to turn over the said notes to said Williamson to collect the purchase money," &c.

It appears that there was an order for the Clerk & Master to collect; and it is too clear for argument that Williamson received the bonds and also the money due upon them in his official capacity, and that the plaintiffs have a right to look to his bond for indemnity.

The judgment of the Superior Court is affirmed.

Let this be certified.

PER CURIAM.                          Judgment affirmed.